BALLESTER, DEMANDANTE Y APELADO, *v.* MARTÍNEZ ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en pleito sobre cancelación de gravámenes en el Registro de la Propiedad.   Moción para desestimar la apelación.

No. 3212.—Resuelto en enero 18, 1924.

EXPOSICIÓN DEL CASO—NOTIFICACIONES.—La ley no impone a los secretarios de las cortes de distrito el deber de notificar al apelante la aprobación o desaprobación de una exposición del caso.

ID.—DESESTIMACIÓN DE APELACIÓN—TÉRMINO PARA RADICAR LA TRANSCRIPCIÓN.— La corte de distrito puede negarse a aprobar una exposición del caso por ser enteramente deficiente y no está obligada a sugerir enmiendas; y cuando el apelante omite presentar en tiempo una exposición reformada, si ha transcurrido el término de treinta días contados a partir del archivo de la apelación, procede declarar con lugar una moción de desestimación.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. V. P. Martínez.*

Abogado del apelado: *Sr. J. D. Rodríguez.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta es una moción para desestimar la apelación interpuesta en octubre 19 de 1923.   La teoría en que descansa la moción es que no hay ninguna exposición del caso válida, ni pliego de excepciones, y por tanto que la transcripción debe ser radicada dentro de treinta días.   Regla 40; *Ciuró v. Ciuró,* 20 D. P. R. 30.

En este caso lo mismo que en el de Ciuró el apelante presentó una llamada exposición del caso.   A esto el apelado

formuló una objeción alegando que la referida exposición no era una fiel presentación de los hechos. En oposición a esto el apelante solicitó de la corte que eliminara la objeción. La corte, sin embargo, examinó la exposición del caso y en noviembre 5, 1923, resolvió que ésta era enteramente deficiente. Esta resolución de la corte fué notificada al apelante en 10 de diciembre.

Alega el apelante en efecto que su derecho a archivar la transcripción debe partir de la fecha diciembre 10, 1923. Hemos resuelto varias veces que el Secretario no tiene ningún deber de notificar la aprobación o desaprobación de una exposición del caso. *Benítez* v. *Díaz,* 28 D. P. R. 720; *Guardian Assurance Co.* v. *López,* 24 D. P. R. 637; *Sucesión Landrau* v. *Sucesión Landrau,* 25 D. P. R. 166.

Convenimos con el apelado en que el caso de *Martínez* v. *Soto Nussa,* 22 D. P. R. 599 sostiene que la corte inferior tiene el derecho de negarse a impartir su aprobación a una exposición del caso que es totalmente incompleta. La corte, por tanto, no está obligada a sugerir enmiendas como pretende sostener el apelante. La presunción es, mientras otra cosa se demuestre, que la corte no incurrió en error al declarar que la exposición del caso era totalmente defectuosa.

Tal vez el apelante actuando diligentemente y presentando una exposición del caso reformada, hubiera podido obtener un remedio, pero como los autos revelan que no existe ninguna exposición la regla 40 y la jurisprudencia deben ser aplicadas y la apelación desestimada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.